ity was extinguished by lapse of time and the statute of limitations. It is now well settled in this state that a debt barred by limitation at the death of the decedent cannot be revived by a promise made by his personal representative, and upon principle, a judgment rendered against the representative upon a debt so barred would not be binding upon creditors holding subsisting debts, or upon the legatees or distributees. The heir at law immediately becomes vested with the title to the real estate, subject only to the debts of the ancestor for such balance as may remain after the exhaustion of the personal assets; and upon principle, if the personal estate is not liable, the real estate so descended cannot be reached.

But aside from the statute of limitations, there were other defenses against a portion of these notes, at the death of John H. Robb, as they are stated in the plea. The rule is well settled that after a debt has remained due and payable for sixteen years, the law holds such lapse of time as prima facie evidence of payment, which prima facie evidence may be rebutted by proof of a subsequent promise to pay, or some reasons why suit was not brought; and after the lapse of twenty years the presumption of payment become conclusive. Let us apply these rules to the notes as stated in the plea. The note falling due February 1, 1841, was due for more than twenty years before the death of the maker. The only credit was entered September 25, 1844, about eighteen years before his death. The note falling due February 1, 1842, has no credit, and was due more than twenty years before maker's death. The note falling due February 1, 1843, had no credit upon it at the death of the maker, and had been due for nineteen years, or about that length of time; leaving only the note for $500, and upon which a credit of $300 was entered within about six months after the same became due and payable. As to all but the balance due on this note there was prima facie a good defense, without invoking the statute of limitations at the death of said Robb, and a conclusive defense as to the note for $2,474. The payments made after this time were made by the administrator, it is presumed, who could not revive the debt by such payment, and thereby create a binding obligation upon herself or any one else.

From a careful consideration of the matters stated in the plea, and the principles of law involved, I am convinced that the promises made by the defendants could not by any possibility secure to them any benefit whatever; promises which they were under no legal or moral obligation to make, and which the plaintiffs had no legal or moral right to exact, and for the nonperformance of which they have no right to complain, and consequently in law there was no sufficient consideration to sustain the promises made; that the plea presents a good defense to the action, and the demurrer thereto must be overruled. To hold otherwise would be to hold that the defendants were liable for the sum of $21,787.02 for a debt of their ancestor of only $206 at the time of his death, then binding upon his estate, and which last sum had long ceased to have any binding force against his estate before those promises were made, and none of which debts ever did have any binding obligation upon either of the defendants personally. Demurrer overruled.

---

## Case No. 3,900.

### The DIDO.

[Cited in The Warren, Case No. 17,193. Nowhere reported; opinion not now accessible.]

---

DIDO, The (HOPE v.). See Case No. 6,679.

DIDO, The (TRASK v.). See Case No. 14,-142.

---

## Case No. 3,901.

### DIEDMAN v. The JOSEPH HUME.

[N. Y. Times, Aug. 15, 1862.]

District Court, S. D. New York. 1862.

SHIPPING—PART OWNERS—RIGHT OF POSSESSION.

[The owner of three-fourths of a foreign vessel may recover possession against the alien master, who owns the other one-fourth, although the accounts of the voyage are still unsettled, and the vessel has merely stopped in an American port on the way to her home port.]

[Libel by William K. Diedman against the brigantine Joseph Hume (Henry Kenely, claimant), for possession.]

Beebe, Dean & Donohue, for libelant.
Charles Edwards, for master.

Before SHIPMAN, District Judge.

This was an action for the possession of the brigantine Joseph Hume, an English vessel. The libel alleged that the libelant was owner of three-fourths of the vessel, and the defendant, Henry Kenely, owner of one-fourth, and master; that the vessel had recently arrived in this port incumbered with a bottomry bond for some $5,500; that the master brought with him the sum of $1,000 in gold, which fact he had concealed from the libelant; that this money must have been part of the earnings of the ship, or from the bottomry; that the master had rendered incorrect accounts, and refused to deliver up the vessel, although demanded. The answer admitted that the libelant was owner of three-fourths of the vessel, but set up that the vessel was a British vessel and the master an alien and British subject; that the majority owner had no right to the possession of the vessel while in a foreign port, and while the accounts of the voyage were still unsettled. The answer also denied making any false accounts, and set forth in detail certain transactions and personal ventures of